**FILED**
**Dec 11, 2025**
**02:14 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | |
|---|---|
| Lindsey Hoffman,<br>　　　　Employee,<br>v.<br>HCA Health Services of Tennessee<br>d/b/a Tristar Summit Medical Center,<br>　　　　Employer,<br>And<br>Indemnity Insurance Co. of America,<br>　　　　Carrier. | Docket No. 2024-60-0181<br><br><br><br>State File No. 860009-2024<br><br><br><br>Judge Kenneth M. Switzer |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

The Court held a hearing on November 18, 2025, on HCA Health Services of Tennessee's Motion for Summary Judgment. Ms. Hoffman did not respond to the motion or appear at the hearing. HCA argues that no genuine issue of fact exists regarding whether Ms. Hoffman gave timely notice of her alleged mental injuries. For the reasons below, the motion is granted.

### The Motion

After an expedited hearing, the Court held that Ms. Hoffman was unlikely to show at a hearing on the merits that she gave timely notice of her mental injuries to HCA. The Appeals Board affirmed.

HCA now seeks summary judgment on the same grounds. It filed a statement of undisputed material facts in support of the motion. They are:

1. Ms. Hoffman experienced three separate incidents while working for HCA on April 9, 10, and 23, 2023 ("the incidents").
2. Ms. Hoffman began experiencing symptoms of a mental injury immediately after the incidents.
3. Ms. Hoffman knew her symptoms were caused by the incidents.

1

4. Ms. Hoffman did not report the incidents as "employee health" events in HCA's Vigilanz system.
5. Ms. Hoffman did not otherwise provide timely written notice that the incidents constituted a sudden or unusual mental stimulus causing a compensable mental injury.
6. Ms. Hoffman never asked HCA to provide medical care for her alleged mental condition.
7. HCA had no actual knowledge that the incidents constituted a sudden or unusual mental stimulus causing a compensable mental injury.
8. Ms. Hoffman had no reasonable excuse for her failure to provide notice to HCA.

With the exception of #8 above, HCA support its undisputed material facts with citations to the record as required under Rule 56.03 of the Tennessee Rules of Civil Procedure (2024).[1]

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

To prevail, HCA must do one of two things: (1) submit affirmative evidence that negates an essential element of Ms. Hoffman's claim, or (2) demonstrate that Ms. Hoffman's evidence is insufficient to establish entitlement to benefits. Tenn. Code Ann. § 20-16-101 (2025); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If HCA satisfies that burden, then Ms. Hoffman must demonstrate the existence of specific facts in the record that could lead a rational trier of fact to find in her favor. *Id.* at 265.

Ms. Hoffman did not respond to HCA's motion, so it is unopposed. Tenn. Comp. R. & Regs 0800-02-21.18(d) (2023). Her failure to respond does not automatically entitle HCA to summary judgment. *Union Serv. Inds., Inc. v. Sloan*, 1988 Tenn. App. LEXIS 592, at *4 (Tenn. Ct. App. Sept. 28, 1988). Rather, the Court must determine whether under Rule 56.06 summary judgment is "appropriate."

---

[1] Rule 56.03 states "[e]ach fact shall be supported by a *specific* citation to the record." (Emphasis added). "See generally, TNComp" is not a specific citation to the record. Along these lines, compensability as alleged in facts #5 and 7 are legal conclusions not facts. Further, although some citations gave specific page numbers, others merely identified TNComp filings, some of which were very lengthy documents. Regardless, the Court located what it believes to be the referenced materials, and as explained in this order, summary judgment is appropriate.

The essential element at issue is notice. Section 50-6-201(a) requires an injured employee, immediately upon the occurrence of an injury, or as soon as is reasonable and practicable afterward, to notify an employer in writing who has no actual notice of the injury. Further, she must give written notice within 15 days after the accident.

Applying these principles, while working for HCA, Ms. Hoffman experienced three separate incidents on April 9, 10, and 23, 2023, and she began experiencing symptoms of a mental injury immediately after each. She knew her symptoms were caused by the incidents but did not report the incidents as "employee health" events in HCA's Vigilanz system. She also did not otherwise give timely written notice of the incidents, nor did she ask HCA to furnish medical care for her alleged mental condition, within 15 days of the incidents. Further, HCA had no actual knowledge of the incidents or alleged mental injury.

In sum, HCA submitted affirmative evidence that Ms. Hoffman did not give timely notice of her alleged injuries. Thus, it negated the essential element of timely notice required under section 50-6-203(a). The burden then shifted to Ms. Hoffman to demonstrate specific facts that could lead the Court to find in her favor. She did not do this.

Therefore, no genuine issue as to any material fact exists, and HCA is entitled to a judgment as a matter of law. Ms. Hoffman's claim is dismissed with prejudice. Unless appealed, this order shall become final in 30 days. The Court assesses the $150.00 filing fee against HCA, for which execution might issue as necessary. HCA shall pay the filing fee to the Court Clerk within five business days.

IT IS ORDERED.

**ENTERED December 11, 2025.**

*Kenneth M. Switzer*
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on December 11, 2025.

| Name | Certified Mail | Regular mail | Email | Sent to |
|---|---|---|---|---|
| Lindsey Hoffman, employee | | X | X | 30 White Oak Ln. Winchester TN 37398 lindseyehoffman@gmail.com |
| Catheryne Grant, Taylor Pruitt, employer's attorneys | | | X | CLG@feeneymurray.com TRP@feeneymurray.com shelby@feeneymuray.com |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*